ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JUAN EDGARDO PABÓN LÓPEZ<br><br>Recurrido<br><br>v.<br><br>WANDA IVELISSE AGOSTO DELGADO Y OTROS<br><br>Peticionarios | TA2026CE00394 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: HU2024RF00493<br><br>SALÓN: 304<br><br>Sobre:<br>Filiación – Reconocimiento e Impugnación Filiatoria (Acción Mixta) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de mayo de 2026.

Compareció la Sra. Anette V. Agosto Delgado, la Sra. Wanda Ivelisse Agosto Delgado, la Sra. Marisol Solís t/c/c Marisol Agosto Delgado y la Sra. Wanda Ivelisse Agosto Delgado en representación de Vilmary Vanessa Agosto Delgado (en adelante, "peticionarias") mediante el recurso de *Certiorari* de epígrafe presentado el 31 de marzo de 2026. Nos solicitó que revoquemos la *Orden y Resolución* emitida el 8 de marzo de 2026 y notificada el día 9 del mismo mes y año por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, "foro de instancia"). En dicha resolución, el foro de instancia denegó una *Moción de Desestimación* que presentaron las peticionarias.

Por los fundamentos que expondremos a continuación, se **deniega** el auto de *Certiorari*.

**-I-**

El Sr. Juan Edgardo Pabón López (en adelante, "señor Pabón López" o "recurrido") presentó una *Demanda de Filiación* el 24 de septiembre de 2024, en contra de la Sucesión de Don Gregorio Agosto López, compuesta por Wanda Ivelisse, Annette Vanessa, Marisol t/c/c Marisol Agosto Solís, Vilmary, Edwin Oscar y Vilma Jannette, todos de apellidos Agosto Delgado. Reclamó ser hijo no reconocido del Sr. Gregorio Agosto López (en adelante, "causante"), quien falleció el 4 de junio de 2023.[1] Además, incluyó como prueba dos declaraciones juradas de sus hermanos Edwin Oscar y Vilma Jannette Agosto Delgado y una prueba de ADN de 9 de noviembre de 2023, que, según expuso, confirma la filiación.

Oportunamente, Vilma Jannette y Edwin Oscar Agosto Delgado contestaron la *Demanda de Filiación* aceptando las alegaciones esbozadas y reconociendo como hijo del causante al señor Pabón López.[2]

No obstante, el 25 de noviembre de 2024, las peticionarias presentaron una *Moción de Desestimación.*[3] Alegaron que la causa había caducado, pues el señor Pabón López tuvo conocimiento de la inexactitud en su filiación desde el año 2010. Además, expusieron que el recurrido no incluyó como parte al señor Juan Pabón, quien figura como padre del recurrido en las constancias del Registro Demográfico, ni a sus herederos. Las peticionarias sostuvieron que por tratarse de una acción mixta (filiación e impugnación de filiación) estos eran partes indispensables en el pleito incoado. Por consiguiente, solicitaron la desestimación de la causa por falta de jurisdicción.

El recurrido se opuso a la petición de desestimación.[4] Adujo que la alegación de falta de parte indispensable es de fácil

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1.
[2] SUMAC-TPI, entradas núm. 12 y 13, respectivamente.
[3] SUMAC-TPI, entrada núm. 22.
[4] SUMAC-TPI, entrada núm. 24.

subsanación, mediante una enmienda a la demanda. Además, en cuanto a la alegada caducidad de la causa, adujo que su padre biológico dejó un testamento, en donde manifestó su voluntad sobre la participación de la legítima estricta a cualquier hijo no reconocido que así lo demostrara luego de su fallecimiento. Por ello, aseguró que busca demostrar su lazo consanguíneo con el causante, dentro del plazo de dos (2) años que establece el Código Civil de Puerto Rico.

El 19 de diciembre de 2024, el tribunal recurrido denegó la *Moción de Desestimación* y autorizó al recurrido a que enmendara la *Demanda* a los fines de incluir a la parte indispensable.[5] De esta determinación, las peticionarias presentaron una *Moción de Reconsideración.*[6] Evaluada la solicitud, el tribunal recurrido ordenó la celebración de una vista evidenciaria, para que las partes presentaran prueba sobre la fecha en que el recurrido advino en conocimiento sobre la alegada filiación y así determinar si la causa caducó o no.[7]

El 22 de diciembre de 2024, el señor Pabón López presentó la *Demanda Enmendada de Filiación*, para incluir como partes indispensables al señor Pabón y a la Sucesión de Juan Pabón compuesta por personas naturales X, Y y Z.[8] A esos fines, el recurrido solicitó que se emplazaran por edicto a dichas partes.[9] Sin embargo, el foro recurrido emitió una *Orden* en la que dispuso que no se atendería la petición hasta que el tribunal dilucidara la presunta caducidad de la causa en la vista evidenciaria.[10]

Después de múltiples trámites procesales, el 31 de marzo de 2025 el foro sentenciador declaró ha lugar la *Moción de*

---

[5] SUMAC-TPI, entrada núm. 25.
[6] SUMAC-TPI, entrada núm. 28.
[7] SUMAC-TPI, entrada núm. 30.
[8] SUMAC-TPI, entrada núm. 26. El recurrido expuso que el señor Juan Pabón no es su padre biológico y que no tuvo ni tiene relación alguna con este, por lo que desconoce si está vivo o muerto o si tuvo hijos o no.
[9] SUMAC-TPI, entrada núm. 27.
[10] SUMAC-TPI, entrada núm. 31.

*Desestimación* que presentaron las peticionarias. En consecuencia, desestimó la *Demanda de Filiación* con perjuicio.[11]

En desacuerdo con lo resuelto, el señor Pabón López presentó una solicitud de reconsideración,[12] a la que se opusieron las peticionarias.[13] Después de evaluar las posiciones de las partes, el foro de instancia denegó la *Moción de Reconsideración.*[14]

Aún inconforme, el recurrido acudió ante este tribunal intermedio mediante recurso de apelación.[15] Las peticionarias se opusieron. Evaluados los planteamientos de las partes, el 17 de julio de 2025, este Tribunal revocó el dictamen apelado y devolvió el caso para que el foro primario concediera la oportunidad al recurrente para emplazar al señor Juan Pabón, quien estimó era una parte indispensable. [16]

El 23 de septiembre de 2025, el recurrido solicitó la expedición del emplazamiento por edicto para el señor Juan Pabón o la Sucesión de Juan Pabón.[17] Las peticionarias se opusieron por entender que el recurrido no presentó evidencia de las diligencias que llevó a cabo antes de la petición.[18]

Tras varias incidencias procesales, el 23 de octubre de 2025, el tribunal recurrido autorizó la expedición del emplazamiento por edicto.[19]

Luego de los trámites correspondientes y ante la falta de comparecencia del señor Juan Pabón o su sucesión dentro del término reglamentario, el 17 de diciembre de 2025 el recurrido solicitó la anotación de rebeldía contra dicha parte.[20]

---

[11] SUMAC-TPI, entrada núm. 39.
[12] SUMAC-TPI, entrada núm. 40.
[13] SUMAC-TPI, entrada núm. 45.
[14] SUMAC-TPI, entrada núm. 48.
[15] Véase, caso núm. KLAN202500539.
[16] SUMAC-TPI, entrada núm. 50.
[17] SUMAC-TPI, entrada núm. 52.
[18] SUMAC-TPI, entrada núm. 53.
[19] SUMAC-TPI, entradas núm. 58 y 59.
[20] SUMAC-TPI, entrada núm. 63.

Mediante *Moción en Cumplimiento de Orden y Reiterando Desestimación,* las peticionarias reiteraron su posición de que la *Demanda Enmendada* debía permanecer desestimada, pues la causa caducó,[21] mientras la parte recurrida se opuso a la moción.[22] Atendidas las peticiones, el 9 de marzo de 2026, el foro de instancia denegó la moción de desestimación.[23]

Inconforme, las peticionarias acudieron ante este tribunal intermedio, mediante el recurso de epígrafe, en el que señalaron la comisión de los siguientes dos errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE HUMACAO, AL NO DESESTIMAR LA DEMANDA DE FILIACIÓN POR CADUCIDAD.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE HUMACAO, AL NO APLICAR A LOS HECHOS DEL PRESENTE CASO EL ART[Í]CULO 126 DEL CÓDIGO CIVIL DE 1930, 31 L.P.R.A. sec. 505.

**-II-**

**A. *Certiorari***

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los

---

[21] SUMAC-TPI, entrada núm. 65.
[22] SUMAC-TPI, entrada núm. 66.
[23] SUMAC-TPI, entrada núm. 70.

dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**B. *Filiación***

La filiación es la "condición a la cual una persona atribuye el hecho de tener a otra u otras por progenitores suyos; es un *hecho biológico* consistente en la procreación de una persona por otras,

una inicial *realidad biológica* recogida y regulada por el ordenamiento jurídico con el fin de distribuir derechos y obligaciones ...". (Énfasis en el original). *Vázquez Vélez v. Caro Moreno*, 182 DPR 803, 809 (2011). Sin embargo, esta realidad biológica no siempre coincide con la realidad jurídica. *Sánchez v. Sánchez*, 154 DPR 645, 661 (2001). Así, dependiendo de las circunstancias de cada caso, el vínculo filial puede ser reclamado o impugnado por la parte con legitimación para así hacerlo.

A esos fines, el Artículo 561 del Código Civil, 31 LPRA sec. 7111, permite que:

> Toda persona puede pedir que se declare judicialmente su estado de hijo de cualquiera de sus progenitores durante la vida de estos. **Muerto el progenitor, la acción debe incoarse contra sus herederos, dentro del plazo de dos (2) años,** contados a partir de su muerte, salvo en los casos siguientes:
>
> (a) si el progenitor muere durante la minoridad o la incapacidad absoluta del hijo, este puede presentar la acción dentro del plazo de los cuatro (4) años siguientes a la fecha en la que alcance la mayoría de edad o en la que termine su estado de tutela; o
>
> (b) si después de la muerte del progenitor aparece algún documento u otras pruebas materiales en las que se reconozca expresamente al hijo, este puede presentar la acción dentro del año siguiente del hallazgo o del conocimiento de dichas pruebas. (Énfasis suplido).

Una vez transcurran los plazos antes mencionados, "la acción filiatoria caduca". Art. 562 del Código Civil, 31 LPRA sec. 7112.

Igualmente, la paternidad puede ser impugnada en una acción principal o subsidiaria a la acción filiatoria. Esta acción caduca en el plazo de un año, "desde que el impugnador tiene indicios o conoce hechos que crean una duda verdadera sobre la inexactitud de la filiación". Artículo 575 del Código Civil, 31 LPRA sec. 7129.

En *Sánchez v Sánchez*, supra, el Tribunal Supremo reconoció que en nuestro ordenamiento existen tres (3) clases de acciones de filiación. La primera de ellas es la acción de reclamación en la que se busca la afirmación de determinada filiación. La segunda, es la

acción de impugnación, que consiste en la negación de determinada filiación. Por último, se encuentra la acción mixta, "que pretende la declaración de determinada filiación mientras que al mismo tiempo conlleva la negación de otra contradictoria. [...]". *Id.*, pág. 670.

En esta última, la acción principal es la reclamación de filiación, mientras que la impugnación es accesoria, por ser contradictorias entre sí. *Id.*, pág. 672. Por consiguiente, a la acción impugnatoria no le aplica el plazo de caducidad de la acción de reclamación. *Id.* Es decir, "en la llamada acción mixta, la impugnación *no* tiene carácter independiente de la de la reclamación. Se trata, pues de una sola acción de filiación principal de la cual la de impugnación es accesoria". *Id.*, pág. 673.

### -III-

Para las peticionarias la *Demanda Enmendada de Filiación* está caducada. En su opinión, la situación no cambió por haberse cumplido con el emplazamiento del señor Juan Pabón. Reiteran que el término de caducidad es de un año y que este ya transcurrió, debido a que el señor Pabón López se enteró de la inexactitud en su filiación en el año 2010, cuando era mayor de edad. No obstante, esperó hasta el fallecimiento del causante el 4 de junio de 2023, para presentar la acción. También, sostienen que el Código Civil aplicable a la causa es el de 1930, que específicamente dispone del término de un (1) año para impugnar la paternidad.

Por su parte, el recurrido sostiene que el término de caducidad aplicable es de dos (2) años, según lo establece el Artículo 561 del Código Civil de 2020, *supra.* Por ende, aseguran que la causa no ha caducado como alegan las peticionarias. Sostienen, además, que en este caso no aplica el Artículo 126 del Código Civil de 1930, 31 LPRA sec. 505, como señalan las peticionarias, ya que el causante murió durante la vigencia del Código Civil de 2020.

Un examen minucioso de los hechos acaecidos en la controversia de epígrafe y el trámite procesal seguido en el pleito nos mueve a no expedir el auto solicitado. Nos explicamos.

En su recurso, las peticionarias han dirigido su argumentación a resaltar que el plazo de caducidad que aplica a la causa es el de impugnación de filiación. Sin embargo, estas obvian el hecho de que estamos ante una acción mixta, en donde la acción de impugnación es accesoria y, por ende, el plazo que prevalece es el de la petición de filiación. *Sánchez v. Sánchez*, supra.

De los hechos descritos, surge que el causante murió el 4 de junio de 2023 y el recurrido presentó su acción de filiación el 24 de septiembre de 2024. Ante ello, no encontramos que el tribunal recurrido haya incurrido en pasión, prejuicio, parcialidad o error manifiesto en su determinación de denegar la solicitud de desestimación que presentaron las peticionarias. Tampoco, hallamos que lo planteado por estas configura alguna de las circunstancias que justifiquen la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento, *supra*.

A tenor con lo anterior, concluimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** el auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones